

# The Attorney General of Texas

February 21, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stephen C. Howard
Orange County Attorney
Courthouse
Orange, Texas   77630

Opinion No. JM-439

Re:  Compliance with section 1A of article 6701h, V.T.C.S., and the dismissal of charges

Dear Mr. Howard:

You have asked about the application of section 1A of article 6701h, V.T.C.S., the safety responsibility law, which provides that no motor vehicle may be operated in this state

> unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle.

V.T.C.S. art. 6701h, §1A(a).

The statute further provides:

> Sec. 1B.  (a)  On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agent of the Department, or to another person involved in an accident.

> (b)  The following evidence of financial responsibility satisfies the requirement of Subsection (a) of this section:

> (1)  a liability insurance policy in the minimum limits required by this Act or a photocopy of that policy;

. . . .

Sec. 1C. Failure to maintain financial responsibility as defined in Section 1(10) of this Act is a Class C misdemeanor, punishable by a fine of not less than Seventy-five Dollars ($75). Subsequent offenses shall be Class B misdemeanors, punishable by a fine of not less than Two Hundred Dollars ($200).

Sec. 1D. It is a defense to prosecution under this Act if the person charged produces in court an automobile liability insurance policy or a certificate of self-insurance previously issued to that person that was valid at the time that the offense is alleged to have occurred and the charge shall be dismissed.

V.T.C.S. art. 6701h, §§1B, 1C, 1D.

You suggest a fact situation where a motorist arrested for a violation of article 6701h, section 1A, while driving a borrowed car that was not insured by the owner, produced a policy of liability insurance (that was in effect at the time of the alleged violation) covering himself. You ask whether the motorist in such a situation would be entitled to dismissal of the charges under section 1D of the statute, and whether, in order to use the defense, the policy produced must "contain language that he is covered when driving an uninsured vehicle."

In Attorney General Opinion MW-547 (1982), the "manifest object" and purpose of the provision was said to be "to assure the financial responsibility of motorists for the protection of those whose lives or property might be harmed by the operation of vehicles." Section 1B requires that every "owner and/or operator" furnish evidence of financial responsibility, and under section 1D it is a defense to prosecution if the "person charged produces" an automobile liability insurance policy which meets the requirements of the act.

If the operator, whether or not he owns the vehicle, produces a valid policy that adequately protected the public at the time he operated the vehicle, he is entitled to dismissal of the charge against him under section 1D of article 6701h, V.T.C.S. The policy need not necessarily contain specific language expressly referring to vehicles "not insured by the owner thereof," so long as language in the policy has the legal result of providing statutorily adequate coverage for the operator while operating the vehicle at the time of the alleged violation. Cf. Attorney General Opinion JM-315 (1985); MW-577 (1982).

## S U M M A R Y

If the operator charged with failure to maintain financial responsibility produces an automobile liability insurance policy which met the requirements of the safety responsibility law at the time he operated the vehicle, he is entitled to dismissal of the charge against him though the vehicle (if owned by another) was not insured by the owner. No specific policy language is required so long as it is legally adequate to satisfy the statute.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General